2d Cir. Docket No. 26-2648

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

1. SEE NOTICE ON REVERSE 2. PLEASE TYPE OR PRINT 3. STAPLE ALL ADDITIONAL PAGES

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. STATE OF CONNECTICUT; NED LAMONT, Governor of Connecticut; WILLIAM TONG, Attorney General of Connecticut; PATRICK GRIFFIN, Chief State's Attorney of Connecticut; and ELIOT D. PRESCOTT, Deputy Chief State's Attorney, Inspector General, each in his official capacity, Defendants-Appellees, SAIFULLAH KHAN, Proposed Intervenor-Defendant-Appellant. | United States District Court for the District of Connecticut | Hon. Vernon D. Oliver, United States District Judge |
| | Date the Order or Judgment Appealed from was Entered on the Docket: August 27, 2026 (Memorandum & Order, ECF No. 58) | District Court Docket No.: 3:26-cv-00758-VDO |
| | Date the Notice of Appeal was Filed: September 21, 2026 (ECF No. 72) | Is this a Cross Appeal? ☐ Yes ☒ No |

| Attorney(s) for Appellant(s): | Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|---|
| ☐ Plaintiff ☒ Defendant | **Alexander T. Taubes** (for Saifullah Khan, Proposed Intervenor-Defendant-Appellant) | Law Offices of Alexander T. Taubes, LLC, 470 James Street, Suite 007, New Haven, CT 06513 | (203) 909-0048 | None | alextt@gmail.com |

| Attorney(s) for Appellee(s): | Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|---|
| ☒ Plaintiff ☒ Defendant | **Daniel Tenny** (for the United States, Plaintiff-Appellee) | U.S. Dep't of Justice, Civil Div., Appellate Staff, 950 Pennsylvania Ave. NW, Washington, DC 20530 | | | daniel.tenny@usdoj.gov |
| | **Conor M. Reardon** (for the United States, Plaintiff-Appellee) | U.S. Attorney's Office, D. Conn., 157 Church Street, 25th Floor, New Haven, CT 06510 | (203) 821-3700 | (203) 773-5376 | conor.reardon@usdoj.gov |
| | **Edward David Rowley, AAG** (for the State of Connecticut et al., Defendants-Appellees) | Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106 | (860) 808-5450 | (860) 808-5347 | edward.rowley@ct.gov |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☒ No |
|---|---|---|---|
| No. The motion was decided on the papers; no hearing was held on it. | N/A | N/A | If Yes, provide the following: Case Name: 2d Cir. Docket No.: Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A"***: **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"***: **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A: JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☒ U.S. a party | ☐ Diversity | ☒ Final Decision | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☐ Federal question (U.S. not a party) | ☐ Other (specify): ______ | ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): ______ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief |
|---|---|---|---|
| [X] Pre-trial<br>[ ] During trial<br>[ ] After trial | [ ] Default judgment<br>[ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.<br>[ ] Dismissal/FRCP 12(b)(6) failure to state a claim<br>[ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint<br>[ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal | [ ] Dismissal/other jurisdiction<br>[ ] Dismissal/merit<br>[ ] Judgment / Decision of the Court<br>[ ] Summary judgment<br>[ ] Declaratory judgment<br>[ ] Jury verdict<br>[ ] Judgment NOV<br>[ ] Directed verdict<br>[X] Other (specify): Order denying motion to intervene (FRCP 24(a)(2), (b)) | [ ] Damages:<br>[ ] Sought: $ ______<br>[ ] Granted: $ ______<br>[ ] Denied: $ ______<br>[ ] Injunctions:<br>[ ] Preliminary<br>[ ] Permanent<br>[ ] Denied<br>Not applicable. The order appealed from denied intervention; it neither awarded nor denied damages or injunctive relief. (The United States' motion for a preliminary injunction, ECF No. 12, remains pending.) |

**PART C: NATURE OF SUIT (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| [ ] Antitrust<br>[ ] Bankruptcy<br>[ ] Banks/Banking<br>[ ] Civil Rights<br>[ ] Commerce<br>[ ] Energy<br>[ ] Commodities<br>[ ] Other (specify): ___________ | [ ] Communications<br>[ ] Consumer Protection<br>[ ] Copyright □ Patent<br>[ ] Trademark<br>[ ] Election<br>[ ] Soc. Security<br>[ ] Environmental | [ ] Freedom of Information Act<br>[ ] Immigration<br>[ ] Labor<br>[ ] OSHA<br>[ ] Securities<br>[ ] Tax | [ ] Admiralty/ Maritime<br>[ ] Assault / Defamation<br>[ ] FELA<br>[ ] Products Liability<br>[ ] Other (Specify): | [ ] Admiralty/ Maritime<br>[ ] Arbitration<br>[ ] Commercial<br>[ ] Employment<br>[ ] Insurance<br>[ ] Negotiable Instruments<br>[ ] Other Specify | [ ] Civil Rights<br>[ ] Habeas Corpus<br>[ ] Mandamus<br>[ ] Parole<br>[ ] Vacate Sentence<br>[ ] Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| [ ] Hague Int'l Child Custody Conv.<br>[ ] Forfeiture/Penalty<br>[ ] Real Property<br>[ ] Treaty (specify): ___________<br>[X] Other (specify): Supremacy Clause challenge to state statute (Conn. P.A. 26-14) (NOS 950) | [ ] Arbitration<br>[ ] Attorney Disqualification<br>[ ] Class Action<br>[ ] Counsel Fees<br>[ ] Shareholder Derivative<br>[ ] Transfer | [ ] Yes [X] No<br>Will appeal raise a matter of first impression?<br>[X] Yes [ ] No |

1. Is any matter relative to this appeal still pending below? [X] Yes, specify: The action: PI motion (ECF 12) and MTD (ECF 30), argued 9/3/26, under advisement (ECF 65). [ ] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   - (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes [X] No
   - (B) Involves an issue that is substantially similar or related to an issue in this appeal? [X] Yes [ ] No

If yes, state whether □ "A," or ☒ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Khan v. Uccello | 3:26-cv-01365-VDO | None (pending) | D. Conn. (Oliver, J.); removed from Conn. Super. Ct. (HHD-CV26-6228240-S) |

Name of Appellant: N/A (pending in the district court; Saifullah Khan is the plaintiff). See Addendum A, Part 5.

Date: October 1, 2026

Signature of Counsel of Record: /s/ Alexander T. Taubes

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**No. 26-2648**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

STATE OF CONNECTICUT; NED LAMONT, Governor of Connecticut; WILLIAM TONG, Attorney General of Connecticut; PATRICK GRIFFIN, Chief State's Attorney of Connecticut; and ELIOT D. PRESCOTT, Deputy Chief State's Attorney, Inspector General, each in his official capacity,
*Defendants-Appellees,*

SAIFULLAH KHAN,
*Proposed Intervenor-Defendant-Appellant.*

---

*On Appeal from the United States District Court for the District of Connecticut (Oliver, J.), No. 3:26-cv-00758-VDO*

---

**ADDENDUM A TO THE CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)
OF PROPOSED INTERVENOR-DEFENDANT-APPELLANT
SAIFULLAH KHAN**

Record citations are to the district court docket, No. 3:26-cv-00758-VDO ("ECF No."). Pin cites are to each document's internal page numbers.

**1. Nature of the Action**

Connecticut enacted Substitute Senate Bill No. 397, Public Act No. 26-14 (the "Act"), on May 4, 2026. Section 1 of the Act, effective on passage, makes liable to "the party injured" every person—"including a federal or state officer or employee"—who, under color of federal or state law, subjects another to "the deprivation of any rights, privileges or immunities secured by the United States Constitution." Act § 1(a). It directs courts to be "guided

by interpretations given by federal and state courts to 42 USC 1983," "except that under this section an injured person may bring a claim against a federal officer or employee." *Id.* § 1(c).

Eleven days later, on May 15, 2026, the United States sued the State of Connecticut and four state officials in their official capacities: Governor Ned Lamont, Attorney General William Tong, Chief State's Attorney Patrick Griffin, and Deputy Chief State's Attorney and Inspector General Eliot D. Prescott. ECF No. 1. The complaint's two counts invoke the Supremacy Clause and the doctrine of intergovernmental immunity against parts of Sections 3, 4, and 5 of the Act, which the complaint says apply state use-of-force standards to federal officers, and parts of Section 6, which the complaint says regulate federal officers' face coverings and personal identifiers. *Id.* ¶¶ 3–5, 56–67. The United States asks for a declaration that Sections 3 through 6 "violate the Supremacy Clause and are therefore invalid as to federal agencies and officers," and for preliminary and permanent injunctions against enforcing those sections against federal agencies and officers. *Id.* at 17.

The complaint does not challenge Section 1. But it rests on a premise with no stated limit—that States are forbidden "from regulating the federal government qua government and from controlling federal governmental functions in any manner and to any degree," *id.* ¶ 1 (quoting *United States v. California*, No. 26-926, 2026 WL 1088674, at *5 (9th Cir. Apr. 22, 2026))—and its first footnote states that the United States "has grave concerns over the

constitutionality of other parts of the Act as well and reserves the right to bring additional challenges in the future." *Id.* at 2 n.1. The complaint invokes 28 U.S.C. §§ 1331 and 1345. *Id.* ¶ 8.

Saifullah Khan is the plaintiff in *Khan v. Uccello*, an action under Section 1 that he brought in the Connecticut Superior Court (No. HHD-CV26-6228240-S) against Immigration and Customs Enforcement Officer Nicholas Uccello and unidentified agents for firing Tasers at him inside the Abraham A. Ribicoff Federal Building and Courthouse in Hartford on May 9, 2025. ECF No. 42-1 at 1; ECF No. 58 at 2. On July 23, 2026—about ten weeks after the complaint was filed, before any answer, and before any ruling on the pending motion to dismiss and motion for a preliminary injunction—Mr. Khan moved to intervene as a defendant, as of right under Federal Rule of Civil Procedure 24(a)(2) or, alternatively, by permission under Rule 24(b)(1)(B). ECF Nos. 42, 42-1. He tendered a proposed answer whose Fourth Defense pleads that the Act's provisions are severable and that "[n]o judgment may properly extend beyond the provisions and applications actually adjudicated." ECF No. 42-3 at 6. And he accepted conditions in advance: he would propound no discovery without leave of court, seek no continuance of any date or deadline, file consolidated briefs within the page limits, and request no hearing beyond those the court schedules, taking the case and its schedule as he found them. ECF No. 42-5 ¶¶ 3–4.

The State objected. It agreed that Section 1 "is a constitutional statute" and said that it "is prepared to vigorously defend the law, if it is ever

challenged"—"[b]ut it has not been challenged in this suit." ECF No. 52 at 1. The United States opposed, adding that it would not oppose a timely amicus brief. ECF No. 53 at 1, 7. Neither opposition argued that the motion was untimely.

**2. Result Below**

On August 27, 2026, the district court (Oliver, J.) denied the motion in a seven-page Memorandum & Order. ECF No. 58. The court held that Mr. Khan lacks a "direct, substantial, and legally protectable" interest in the action. *Id.* at 4, 6. It reasoned that the complaint challenges only Sections 3 through 6, so that "[a] challenge to Section 1 is not before this Court, and any such challenge is speculative," *id.* at 5; that Mr. Khan "cannot demonstrate that there is a substantial likelihood that his claims would be directly impacted by a decision in this matter," so that his concern about the precedential effect of a decision is "misplaced," *id.*; that "[t]o the extent Mr. Khan seeks to defend his right to pursue the claims asserted in *Khan v. Uccello* under Section 1 of SB 397, the proper forum to do so is in that action, not this one," *id.* at 5–6; and that his concern about a negotiated disposition between the sovereigns depends on "numerous, unlikely events," *id.* at 6. Having found no qualifying interest, the court did not separately address timeliness, practical impairment, or adequacy of representation. *Id.* It denied permissive intervention because Mr. Khan's participation "would complicate and delay the litigation" and "introduce an entirely new issue." *Id.* at 7.

The motion was decided on the papers; no bench ruling or transcript bears on it. (ECF No. 74, the only transcript on the docket, covers the September 3, 2026 hearing on the other pending motions.) Mr. Khan filed his notice of appeal on September 21, 2026. ECF No. 72.

**3. Appellate Jurisdiction**

The order denying intervention is final as to Mr. Khan and appealable under 28 U.S.C. § 1291. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 377 (1987) ("[W]hen an order prevents a putative intervenor from becoming a party in any respect, the order is subject to immediate review."). The notice of appeal, filed 25 days after the order was entered, is timely. Fed. R. App. P. 4(a)(1). It designates the order at ECF No. 58; its description of that order as denying "Plaintiff's Motion to Intervene" is a scrivener's error for Mr. Khan's motion.

**4. Proceedings Pending Below**

The action remains pending. The United States' motion for a preliminary injunction (ECF No. 12) and the defendants' motion to dismiss (ECF No. 30) were argued on September 3, 2026, and taken under advisement. ECF No. 65. The parties' Rule 26(f) report is due 30 days after those motions are decided. ECF No. 40.

**5. Related Action**

*Khan v. Uccello*, No. 3:26-cv-01365-VDO (D. Conn.), is the Section 1 action that the order appealed from called "the proper forum" for Mr. Khan's defense of his Section 1 claims. ECF No. 58 at 6. On August 25, 2026,

the United States removed it from the Superior Court, *see* ECF No. 58 at 2, under 28 U.S.C. § 2679(d)(2), certifying that Officer Uccello acted within the scope of his federal employment, and filed a notice substituting itself as the defendant under the Westfall Act, which the district court is treating as a motion to substitute. Mr. Khan opposes substitution and has moved to remand. Those matters are pending before Judge Oliver, who also presides over this action.

**Attachments to Addendum A**

Attachment 1 Notice of Appeal, filed September 21, 2026 (ECF No. 72)

Attachment 2 District court docket sheet, No. 3:26-cv-00758-VDO (printed October 1, 2026)

Attachment 3 Memorandum & Order denying intervention (ECF No. 58), entered August 27, 2026

Dated: New Haven, Connecticut
October 1, 2026

Respectfully submitted,

/s/ Alexander T. Taubes
Alexander T. Taubes
Law Offices of Alexander T. Taubes, LLC
470 James Street, Suite 007
New Haven, CT 06513
(203) 909-0048
alextt@gmail.com

*Counsel for Proposed Intervenor-Defendant-Appellant Saifullah Khan*

# ADDENDUM A

## Attachment 1

Notice of Appeal

filed September 21, 2026 (ECF No. 72)

United States District Court for the District of Connecticut
File Number 3:26-cv-00758-VDO

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>State of Connecticut, Ned Lamont, William Tong, Patrick Griffin, and Eliot D. Prescot<br>Defendants. | Notice of Appeal<br><br>September 21, 2026 |

Pursuant to Federal Rule of Appellate Procedure 4, Notice is hereby given that SAIFULLAH KHAN, proposed intervenor-defendant in the above-named case, hereby appeals to the United States Court of Appeals for the Second Circuit from the order located at ECF No. 58, denying Plaintiff's Motion to Intervene.

/s/Alexander T. Taubes
Attorney for Saifullah Khan
470 James Street
Suite 007
New Haven, CT 06513
alextt@gmail.com
(203) 909-0048

# ADDENDUM A

## Attachment 2

District Court Docket Sheet

United States v. State of Connecticut, No. 3:26-cv-00758-VDO (D. Conn.)

printed October 1, 2026

APPEAL,EFILE

# U.S. District Court
# District of Connecticut (New Haven)
# CIVIL DOCKET FOR CASE #: 3:26-cv-00758-VDO

USA v. State of Connecticut et al
Assigned to: Judge Vernon D. Oliver
Cause: 28:2201 Constitutionality of State Statute(s)

Date Filed: 05/15/2026
Jury Demand: None
Nature of Suit: 950 Constitutional - State Statute
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**USA** represented by **Alexandra Schulte**
DOJ-Civ
Enforcement & Affirmative Litigation
PO Box 386
Washington, DC 20044
202-718-0483
Email: alexandra.schulte@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alessandra Faso**
U.S. Attorney's Office
Northern District of Illinois
219 South Dearborn Street
Suite 500
Chicago, IL 60604
312-353-4128
Email: alessandra.faso@usdoj.gov
*TERMINATED: 09/14/2026*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**State of Connecticut** represented by **Edward David Rowley**
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
860-808-5450
Email: edward.rowley@ct.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Janelle Medeiros**
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
860-808-5020

Fax: 860-808-5347
Email: janelle.medeiros@ct.gov
*TERMINATED: 09/04/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy J. Holzman**
State of CT, Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
860-808-5210
Email: timothy.holzman@ct.gov
*TERMINATED: 10/01/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ned Lamont**
*Governor of Connecticut, in his official capacity*

represented by **Edward David Rowley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Janelle Medeiros**
(See above for address)
*TERMINATED: 09/04/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy J. Holzman**
(See above for address)
*TERMINATED: 10/01/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**William Tong**
*Attorney General of Connecticut, in his official capacity*

represented by **Edward David Rowley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Janelle Medeiros**
(See above for address)
*TERMINATED: 09/04/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy J. Holzman**
(See above for address)
*TERMINATED: 10/01/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Patrick Griffin**
*Chief State's Attorney of Connecticut, in his official capacity*

represented by **Edward David Rowley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Janelle Medeiros**
(See above for address)
*TERMINATED: 09/04/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy J. Holzman**
(See above for address)
*TERMINATED: 10/01/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eliot D. Prescott**
*Deputy Chief State's Attorney, Inspector General, in his official capacity*

represented by **Edward David Rowley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Janelle Medeiros**
(See above for address)
*TERMINATED: 09/04/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy J. Holzman**
(See above for address)
*TERMINATED: 10/01/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Defendant**

**Saifullah Khan**

represented by **Alexander T. Taubes**
Alexander T. Taubes
470 James Street
Suite 007
New Haven, CT 06513
203-909-0048
Email: alextt@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Brandon Michael Hayes**
*TERMINATED: 09/21/2026*

represented by **Brandon Michael Hayes**
159 Indian Hill Street
West Newbury, MA 01985
PRO SE

**Amicus**

**Citizens for Responsibility and Ethics in Washington** represented by **David A. Schulz**
Yale Law School
127 Wall Street
New Haven, CT 06511
212-663-6162
Email: david.schulz@yale.edu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/15/2026 | 1 | COMPLAINT against Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong, filed by USA. (Attachments: # 1 Exhibit Exhibit A - SB397, # 2 Exhibit Civil Cover Sheet)(McTague, Alexandra) Modified on 5/15/2026 to correct party (Hushin, Z.). (Entered: 05/15/2026) |
| 05/15/2026 | | Request for Clerk to issue summons as to Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (McTague, Alexandra) (Entered: 05/15/2026) |
| 05/15/2026 | | CASE ASSIGNMENT: District Judge Sarala V. Nagala assigned to the case. If the District Judge issues an Order of Referral to a Magistrate Judge for any matter other than settlement, the matter will be referred to Magistrate Judge Thomas O. Farrish. (Oliver, T.) (Entered: 05/15/2026) |
| 05/15/2026 | 2 | Order on Pretrial Deadlines: Amended Pleadings due by 7/14/2026 Discovery due by 11/16/2026 Dispositive Motions due by 12/21/2026<br>Signed by Clerk on 5/15/2026.(Gaskins, A) (Entered: 05/15/2026) |
| 05/15/2026 | 3 | ELECTRONIC FILING ORDER FOR COUNSEL - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER<br>Signed by Judge Sarala V. Nagala on 5/15/2026.(Gaskins, A) (Entered: 05/15/2026) |
| 05/15/2026 | 4 | Notice of Option to Consent to Magistrate Judge Jurisdiction to conduct all proceedings in this civil action (including presiding over a jury or non-jury trial) and to order the entry of final judgment.<br>(Gaskins, A) (Entered: 05/15/2026) |
| 05/15/2026 | 5 | **Notice to Counsel and Litigants Regarding AI-Assisted Research**: Attorneys and *pro se* litigants alike should exercise great caution in submitting any AI-generated language in filings before the Court. Use of AI without verification of the accuracy of the information it generates like any other shoddy research method from other sources or tools implicates Federal Rule of Civil Procedure 11, the central purpose of which is to deter baseless filings in district court and thus to streamline the administration and procedure of the federal courts. Rule 11 applies fully to actions filed by *pro se* litigants.<br><br>Therefore, all parties are on notice that the Court has a no-tolerance policy for any briefing (AI-assisted or not) that hallucinates legal propositions or otherwise severely misstates the law. Such filings will often result in sanctions absent reasonable excuse. *See generally Willis v. U.S. Bank Nat'l Ass'n et al*, No. 3:25-CV-516-BN, 2025 WL 1408897 (N.D. Tex. May 15, 2025).<br>Signed by Clerk on 5/15/2026.(Gaskins, A) (Entered: 05/15/2026) |
| 05/15/2026 | 6 | Standing Protective Order<br>Signed by Judge Sarala V. Nagala on 5/15/2026.(Gaskins, A) (Entered: 05/15/2026) |

| | | |
|---|---|---|
| 05/15/2026 | 7 | NOTICE TO COUNSEL/SELF-REPRESENTED PARTIES : Counsel or self-represented parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 1 Complaint, filed by USA, 4 Notice of Option to Consent to Magistrate Judge Jurisdiction, 2 Order on Pretrial Deadlines, 3 Electronic Filing Order, 6 Standing Protective Order, 5 Notice re: AI-Assisted Research,<br>Signed by Clerk on 5/15/2026.(Gaskins, A) (Entered: 05/15/2026) |
| 05/15/2026 | 8 | ELECTRONIC SUMMONS ISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong* with answer to complaint due within *60* days. Attorney *Alexandra Schulte DOJ-Civ* *Enforcement & Affirmative Litigation* *PO Box 386* *Washington, DC 20044*. (Gaskins, A) (Entered: 05/15/2026) |
| 05/20/2026 | 9 | NOTICE of Appearance by Janelle Medeiros on behalf of Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong (Medeiros, Janelle) (Entered: 05/20/2026) |
| 05/20/2026 | 10 | NOTICE of Appearance by Timothy J. Holzman on behalf of Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong (Holzman, Timothy) (Entered: 05/20/2026) |
| 05/20/2026 | 11 | NOTICE of Appearance by Edward David Rowley on behalf of Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong (Rowley, Edward) (Entered: 05/20/2026) |
| 05/22/2026 | 12 | MOTION for Preliminary Injunction by USA.Responses due by 6/12/2026 (Attachments: # 1 Memorandum in Support, # 2 Affidavit O'Brien, # 3 Affidavit Allen, # 4 Affidavit Egerton, # 5 Affidavit DuBan, # 6 Affidavit Cleveland)(Schulte, Alexandra) (Entered: 05/22/2026) |
| 05/26/2026 | 13 | ORDER. Although counsel for Defendants has appeared in this action, *see* ECF Nos. 9, 10, 11, Plaintiff has not filed proof of service. Plaintiff is directed to do so as soon as possible, so the Court may determine the proper deadline for Defendants to answer or respond to the complaint.<br><br>Defendants' deadline to respond to the motion for a preliminary injunction is **June 12, 2026**, given that defense counsel has appeared and no motion for expedited resolution has been filed. Signed by Judge Sarala V. Nagala on 5/26/26. (JH) (Entered: 05/26/2026) |
| 05/26/2026 | 14 | Set Deadlines as to 12 MOTION for Preliminary Injunction. Responses due by 6/12/2026. (sd) (Entered: 05/27/2026) |
| 05/27/2026 | 15 | MOTION for Status Conference by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Medeiros, Janelle) (Entered: 05/27/2026) |
| 05/28/2026 | 16 | ORDER granting 15 Motion for Status Conference. The Court will communicate with counsel to choose a mutually-available date and time next week for a Zoom conference. Signed by Judge Sarala V. Nagala on 5/28/26. (JH) (Entered: 05/28/2026) |
| 05/28/2026 | 17 | SUMMONS Returned Executed by USA. All Defendants. (Schulte, Alexandra) (Entered: 05/28/2026) |
| 05/28/2026 | 18 | NOTICE regarding hearing via Zoom: The Status Conference scheduled for 6/2/2026 at 1:00PM will be conducted via Zoom.<br><br>Call-in and Public Access Number: +1 646 828 7666<br><br>Meeting ID: 165 955 1702 |

| | | |
|---|---|---|
| | | Meeting Password: 635853<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings.<br><br>NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. **All Counsel Must Wear Headphones with Microphone Attached During the Hearing** . ( Status Conference set for 6/2/2026 at 01:00 PM in Remote Setting before Judge Sarala V. Nagala) (sd) (Entered: 05/28/2026) |
| 05/29/2026 | 19 | ORDER. Based on the proof of service filed at ECF No. 17, Defendants must answer or otherwise respond to the complaint by **June 8, 2026**. Signed by Judge Sarala V. Nagala on 5/29/56. (JH) (Entered: 05/29/2026) |
| 05/29/2026 | | Answer deadline updated for Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong to 6/8/2026. (mp) (Entered: 06/01/2026) |
| 06/02/2026 | 20 | Minute Entry for proceedings held before Judge Sarala V. Nagala: Status Conference held on 6/2/2026; 36 minutes.(Court Reporter Denae Hovland.) (sd) (Entered: 06/02/2026) |
| 06/02/2026 | 21 | ORDER. During the conference on June 2, 2026, the Court held as follows:<br><br>First, in their motion for a status conference, ECF No. 15, and during the conference on June 2, Defendants proposed consolidating the preliminary injunction proceedings with a trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2). The Court declines to exercise its discretion to consolidate the proceedings.<br><br>Defendants proposed a period of discovery, to be followed by opposition to the motion for a preliminary injunction to be filed in November of 2026. However, Defendants' articulation of their defenses to Plaintiff's motion are largely legal, rather than factual, arguments, and Defendants have not identified any specific discovery that may be necessary in order to fully respond to Plaintiff's preliminary injunction motion. Further, Plaintiff's motion raises imminence concerns: the challenged provisions of Connecticut law were recently enacted, on May 4, 2026, and became effective immediately upon passage, such that federal law enforcement officers may be subject to enforcement of challenged statutory provisions during the pendency of the preliminary injunction motion. Accordingly, the Court finds that there is not good cause to consolidate the proceedings, which would have the effect of delaying the resolution of the preliminary injunction motion for several months.<br><br>Counsel for Plaintiff indicated that Plaintiff is amenable to an extension of the briefing schedule for the motion, however. By **June 8, 2026**, the parties shall confer and propose a briefing schedule for Defendants' opposition and Plaintiff's reply. If Defendants envision a need to conduct specific discovery to meet Plaintiff's motion, Defendants should communicate such expectations with Plaintiff during the conference; if a dispute arises about the briefing schedule as a result, both sides shall set forth their positions in their June 8 notice for the Court's resolution. If the parties agree to a temporary stay in enforcement of the challenged provisions during the pendency of the preliminary injunction motion, the Court is open to reconsidering its decision on consolidation with the trial on the merits. |

| | | |
|---|---|---|
| | | Defendants' deadline to answer or otherwise respond to the complaint is stayed and will be reset concurrently with the entry of a briefing schedule for the preliminary injunction motion. Signed by Judge Sarala V. Nagala on 6/2/26.(JH) (Entered: 06/02/2026) |
| 06/08/2026 | 22 | PROPOSED ORDER re 21 Order,,,,,,,,, by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Medeiros, Janelle) (Entered: 06/08/2026) |
| 06/09/2026 | 23 | ORDER. The Court has reviewed the parties' proposals for a briefing schedule related to the United States' pending motion for a preliminary injunction. The Court finds that Defendants have set forth good cause for their proposed briefing schedule. Additionally, Defendants' request for copies of any policies mentioned or incorporated by reference into Plaintiff's complaint, its motion for preliminary injunction, and the supporting declarations is reasonable and appropriate. Accordingly, by **July 6, 2026**, Plaintiff shall produce to Defendants any such policies, including but not limited to the Department of Justice and Department of Homeland Security use of force policies.<br><br>Defendants shall answer or otherwise respond to the complaint and respond to Plaintiff's motion for a preliminary injunction by **July 13, 2026**. Defendants shall disclose any policies on which they are relying along with their responses to the complaint and motion for preliminary injunction. Plaintiff may reply by **July 27, 2026**, and may move for additional time to reply if necessary. Signed by Judge Sarala V. Nagala on 6/9/26. (JH) (Entered: 06/09/2026) |
| 06/09/2026 | | Answer deadline updated for Patrick Griffin to 7/13/2026; Ned Lamont to 7/13/2026; Eliot D. Prescott to 7/13/2026; State of Connecticut to 7/13/2026; William Tong to 7/13/2026. (sd) (Entered: 06/10/2026) |
| 06/09/2026 | 24 | Set Deadlines as to 12 MOTION for Preliminary Injunction . Responses due by 7/13/2026 (sd) (Entered: 06/10/2026) |
| 07/02/2026 | 25 | MOTION for Leave to File Excess Pages by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Medeiros, Janelle) (Entered: 07/02/2026) |
| 07/07/2026 | 26 | ORDER granting 25 Motion to File Excess Pages. Defendant's brief in opposition to Plaintiff's motion for a preliminary injunction shall not exceed fifty pages in length. Signed by Judge Sarala V. Nagala on 7/7/2026. (sd) (Entered: 07/07/2026) |
| 07/10/2026 | 27 | NOTICE by USA re 23 Order,,,, *of compliance* (Schulte, Alexandra) (Entered: 07/10/2026) |
| 07/10/2026 | 28 | Rule 26(f) NOTICE: The Court has reviewed the file in this case to monitor the parties' compliance with Local Rule 26(f). Local Rule 26(f) provides that, within thirty days after the appearance of any defendant, the attorneys of record and any unrepresented parties must confer for purposes described in Fed. R. Civ. P. 26(f). Local Rule 26(f) further provides that, within fourteen days after the conference, the participants must jointly file a report of the conference using Form 26(f). It appears that more than forty-four days have passed since the appearance of a defendant in this case, but no report has been filed. Accordingly, it is hereby ordered that the parties must file on or before: **July 24, 2026**, (1) a written statement signed by all counsel of record demonstrating that this case is exempt from the requirement of filing a Rule 26(f) report; or (2) a Rule 26(f) report. Failure to comply with this order may result in dismissal of the complaint. Signed by Judge Sarala V. Nagala on 7/10/2026.(sd) (Entered: 07/10/2026) |
| 07/10/2026 | | Set Deadlines: Rule 26 Meeting Report due by 7/24/2026. (sd) (Entered: 07/10/2026) |
| 07/13/2026 | 29 | Consent MOTION for Leave to File *Amicus Curiae Brief* by Citizens for Responsibility and Ethics in Washington. (Attachments: # 1 Exhibit A - CREW's Amicus Brief)(Schulz, David) (Entered: 07/13/2026) |

| | | |
|---|---|---|
| 07/13/2026 | 30 | MOTION to Dismiss by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong.Responses due by 8/3/2026 (Attachments: # 1 Memorandum in Support of Defendants' Motion to Dismiss)(Holzman, Timothy) (Entered: 07/13/2026) |
| 07/13/2026 | 31 | Memorandum in Opposition *to Plaintiff's Motion for Preliminary Injunction* re 12 MOTION for Preliminary Injunction filed by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Attachments: # 1 Exhibit 1 - Prescott Declaration, # 2 Exhibit 2 - Cain Declaration, # 3 Exhibit 3 - Griffin Declaration, # 4 Exhibit 4 - Devlin Declaration, # 5 Exhibit 5 - Mello Declaration, # 6 Exhibit 6 - Shuchart Declaration, # 7 Exhibit 7 - Friedman Declaration, # 8 Exhibit 8 - Stoughton Declaration, # 9 Exhibit 9 - Lopez Declaration, # 10 Exhibit 10 - FBI Impersonation Alert, # 11 Exhibit 11 - USMS Impersonation Alert, # 12 Exhibit 12 - ICE Firearms Policy, # 13 Exhibit 13 - CBP Use of Force Policy, # 14 Exhibit 14 - Placeholder for Sealed Exhibit)(Holzman, Timothy) (Entered: 07/13/2026) |
| 07/13/2026 | 32 | MOTION to Seal Exhibit 14 to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Holzman, Timothy) (Entered: 07/13/2026) |
| 07/13/2026 | 33 | UN-Sealed Document: Exhibit 14 to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong re 32 MOTION to Seal Exhibit 14 to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction . (Holzman, Timothy) (Main Document 33 replaced on 7/29/2026) (nk). Modified on 7/29/2026 to unseal per ECF 48.(nk). (Entered: 07/13/2026) |
| 07/14/2026 | 34 | ORDER OF TRANSFER. Case reassigned to Judge Vernon D. Oliver for all further proceedings. Signed by Judge Sarala V. Nagala on 7/14/2026. (sd) (Entered: 07/14/2026) |
| 07/16/2026 | 35 | ORDER granting 29 Motion for Leave to File Amicus Curiae Brief. The proposed amicus brief Citizens for Responsibility and Ethics in Washington ("CREW") submitted with its motion (ECF No. 29-1) shall be deemed submitted.<br>Signed by Judge Vernon D. Oliver on 7/16/2026. (SF) (Entered: 07/16/2026) |
| 07/17/2026 | 36 | ORDER re: 32 Motion to Seal. Defendants moved to seal 33 Exhibit 14 to their Opposition to Plaintiff's Motion for Preliminary Injunction because that document was designated as "CONFIDENTIAL" by Plaintiff pursuant to the Court's standing order at ECF No. 6.<br><br>However, the standing order does not provide for automatic sealing of designated material, and "[n]o document shall be sealed merely by stipulation of the parties." D. Conn. L. Civ. R. 5(e)(3). Rather, to seal a document, the Court must make "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." *Id*.<br><br>The Court is unable to make such a finding at this time because 33 Exhibit 14 is extensively redacted and does not appear, on its face, to implicate privacy or security concerns that overcome the weight of the presumption of public access to court documents.<br><br>Out of an abundance of caution, 33 Exhibit 14 shall remain temporarily sealed. On or before **July 24, 2026**, Plaintiff may file a supplemental brief in support of Defendants' 32 Motion to Seal that: (1) explains the purpose of the confidentiality designation; (2) demonstrates clear and compelling reasons for the sealing of the exhibit; and (3) explains why sealing of the entire document is narrowly tailored to support those reasons.<br><br>Signed by Judge Vernon D. Oliver on 7/17/2026. (SF) (Entered: 07/17/2026) |

| | | |
|---|---|---|
| 07/20/2026 | 37 | ORDER: The Court will hold in-person oral argument on the 12 Motion for Preliminary Injunction and 30 Motion to Dismiss on **August 25, 2026, at 2:00 PM**. A separate scheduling order shall issue.<br>Signed by Judge Vernon D. Oliver on 7/20/2026. (SF) (Entered: 07/20/2026) |
| 07/20/2026 | 38 | NOTICE OF E-FILED CALENDAR re: 12 MOTION for Preliminary Injunction , 30 MOTION to Dismiss . THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Motion Hearing set for 8/25/2026 at 02:00 PM in Courtroom Three, 450 Main St., Hartford, CT before Judge Vernon D. Oliver. (sd) (Entered: 07/21/2026) |
| 07/21/2026 | 39 | Joint MOTION for Extension of Time until 30 days after decision on motions *to file* 26(f) report 28 Notice,,,, by USA. (Schulte, Alexandra) (Entered: 07/21/2026) |
| 07/22/2026 | 40 | ORDER granting 39 Motion for Extension of Time. The parties shall file the joint 26(f) Report **30 days** after the Court's adjudication of the 12 Motion for Preliminary Injunction and 30 Motion to Dismiss.<br>Signed by Judge Vernon D. Oliver on 7/22/2026. (SF) (Entered: 07/22/2026) |
| 07/23/2026 | 41 | NOTICE of Appearance by Alexander T. Taubes on behalf of Saifullah Khan (Taubes, Alexander) (Entered: 07/23/2026) |
| 07/23/2026 | 42 | MOTION to Intervene by Saifullah Khan.Responses due by 8/13/2026 (Attachments: # 1 Memorandum in Support, # 2 Affidavit Declaration of Saifullah Khan, # 3 Exhibit A - Proposed Answer, # 4 Appendix Exhibits B - G, # 5 Text of Proposed Order)(Taubes, Alexander) (Entered: 07/23/2026) |
| 07/24/2026 | 43 | ORDER: Any party opposing the 42 Motion to Intervene may file a response on or before **July 31, 2026**. Proposed Intervenor-Defendant Saifullah Khan may reply by **August 7, 2026**.<br>Signed by Judge Vernon D. Oliver on 7/24/2026. (SF) (Entered: 07/24/2026) |
| 07/24/2026 | 44 | NOTICE of Appearance by Alessandra Faso on behalf of USA (Faso, Alessandra) (Entered: 07/24/2026) |
| 07/24/2026 | 45 | MOTION to Seal ECF 31-1, 31-2, and 31-4 by USA. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Deborah A. Edwards, # 3 Exhibit Proposed Exhibit 1 with Redactions, # 4 Exhibit Proposed Exhibit 2 with Redaction, # 5 Exhibit Proposed Exhibit 4 with Redaction)(Faso, Alessandra) (Entered: 07/24/2026) |
| 07/24/2026 | | Set Deadlines as to 42 MOTION to Intervene: Responses due by 7/31/2026 (nk) (Entered: 07/27/2026) |
| 07/27/2026 | 46 | Consent MOTION for Protective Order by USA.Responses due by 8/17/2026 (Attachments: # 1 Stipulated Supplemental Protective Order)(Faso, Alessandra) (Entered: 07/27/2026) |
| 07/27/2026 | 47 | REPLY to Response to 12 MOTION for Preliminary Injunction filed by USA. (Schulte, Alexandra) (Entered: 07/27/2026) |
| 07/28/2026 | 48 | ORDER **denying** 32 Motion to Seal. The Court hereby **unseals** Exhibit 14 to the Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, as the United States reported in the 45 Motion to Seal that Exhibit 14 was inadvertently designated "CONFIDENTIAL." The United States does not oppose the unsealing of this document, as it recognizes that the document possesses the necessary redactions, and that the document is publicly available on ICE's website. *See* ECF No. 45 .<br>Signed by Judge Vernon D. Oliver on 7/28/2026. (SF) (Entered: 07/28/2026) |

| | | |
|---|---|---|
| 07/28/2026 | 49 | ORDER **granting** 45 Motion to Seal. Exhibits 1, 2, and 4 (ECF Nos. 31-1, 31-2, 31-4) submitted in support of Defendants' opposition to Plaintiff's motion for preliminary injunction (the "Exhibits") shall be **sealed**. The redacted versions of the Exhibits (ECF Nos. 45-3, 45-4, 45-5) submitted with the 45 Motion to Seal shall be considered the public versions of the documents pursuant to Local Rule 5(e)(4).<br><br>The Exhibits, as filed, contain the names of FBI employees who are not high-level or public facing, the direct work contact information of FBI employees, and an FBI employee's email address hyperlink. The United States moves to seal this specific information to protect the privacy of these employees. Connecticut consents only to the sealing of phone numbers.<br><br>**Judicial Documents**. In determining whether to seal a document, or some portion thereof, the Court conducts a three-party inquiry. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the record is a "judicial document," such that the presumption of public access attaches. *Id*. Second, if the record is determined to be a judicial document, the court "determines the weight of the presumption of access" to that document. *United States v. Erie Cty*., 763 F.3d 235, 239, 241 (2d Cir. 2014). Finally, the Court must "identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Mirlis*, 952 F.3d at 59.<br><br>The redacted portions of the Exhibits are not judicial documents, and therefore, the presumption of public access does not attach. A judicial document is one that is "relevant to the performance of the judicial function and useful in the judicial process." *Trump v. Deutsche Bank AG*, 940 F.3d 146, 151 (2d Cir. 2019). As the Second Circuit recently held in *Trump v. Deustsche Bank*, the names of parties unrelated to the matter are not judicial documents because they are not "relevant to the performance of the judicial function." *Id*. Here, the information sought to be redacted, specifically, the names of low-level FBI employees and their private contact information, is entirely irrelevant to the matter at hand. As such, the redacted information is not a judicial document, and the presumption of public access does not attach.<br><br>**Local Rule 5(e)(3)**. The inquiry, however, does not end there. Under District of Connecticut Local Rule 5(e)(3), "[a]ny such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."<br><br>First, sealing is supported by clear and compelling reasons because the information sought to be sealed implicates the security and privacy of FBI employees who are not high-level or public facing. The Second Circuit has recognized that the privacy interests of third parties weigh heavily in the analysis of whether the presumption of access applies. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Further, federal law recognizes the need to protect such information. *See, e.g*., 18 U.S.C. § 119 (providing protections for the mobile phone number of any officer or employee of the United States); 5 U.S.C. § 552(b)(7)(C) (precluding from production under the Freedom of Information Act (FOIA) "information compiled for law enforcement purposes" that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"). In the FOIA context, for instance, courts customarily protect the names and direct contact information for law enforcement officers and administrative personnel. *See, e.g., Fabiano v. McIntyre*, 146 F. App'x 549, 550 (3d Cir. 2005) (per curiam) (affirming withholding of names of FBI personnel); *Schotz v. DOJ*, No. 14-1212, 2016 WL 1588491, at *5 (D.D.C. April 20, 2016) (determining that direct office and cellular phone number of BOP attorney was properly redacted); *Rojas-Vega v. USCIS*, 132 F. Supp. 3d 11, 20 (D.D.C. 2015) (finding protection |

| | | |
|---|---|---|
| | | of "phone numbers, email addresses, names, signatures, and initials of ... INS agents" appropriate). Here too, the safety and security of lower-level FBI employees is a clear and compelling reason to seal the redacted portions of the Exhibits.<br><br>Second, the sealing is narrowly tailored to protect the security of the FBI employees because the United States has only proposed limited redactions that remove these employees' names and contact information. The United States did not propose sealing large swaths of exhibits, or even an entire document. Indeed, it only seeks to redact specific information that implicates the safety of FBI employees.<br><br>As such, the Court finds that the sealing of the Exhibits is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.<br><br>Signed by Judge Vernon D. Oliver on 7/28/2026. (SF) (Entered: 07/28/2026) |
| 07/29/2026 | 50 | ORDER granting 46 Motion for Protective Order. See attached.<br>Signed by Judge Vernon D. Oliver on 7/29/2026. (SF) (Entered: 07/29/2026) |
| 07/29/2026 | 51 | Docket Entry Correction re 33 Sealed Document - Exhibit 14 to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction. Unsealed on 7/29/2026 per ECF 48. (nk) (Entered: 07/29/2026) |
| 07/30/2026 | 52 | OBJECTION re 42 MOTION to Intervene filed by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Medeiros, Janelle) (Entered: 07/30/2026) |
| 07/31/2026 | 53 | Memorandum in Opposition re 42 MOTION to Intervene filed by USA. (Schulte, Alexandra) (Entered: 07/31/2026) |
| 08/03/2026 | 54 | Memorandum in Opposition re 30 MOTION to Dismiss filed by USA. (Faso, Alessandra) (Entered: 08/03/2026) |
| 08/07/2026 | 55 | REPLY to Response to 42 MOTION to Intervene filed by Saifullah Khan. (Taubes, Alexander) (Entered: 08/07/2026) |
| 08/10/2026 | 56 | AMENDED NOTICE OF E-FILED CALENDAR re: 12 MOTION for Preliminary Injunction, 30 MOTION to Dismiss. THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. *RESET FROM 8/25/2026*. Due to a change in the Court's schedule, Motion Hearing re-set for 9/3/2026 at 10:00 AM before Judge Vernon D. Oliver. LOCATION: To Be Determined. (nk) (Entered: 08/10/2026) |
| 08/17/2026 | 57 | REPLY to Response to 30 MOTION to Dismiss filed by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Medeiros, Janelle) (Entered: 08/17/2026) |
| 08/27/2026 | 58 | ORDER denying 42 Motion to Intervene for the reasons stated in the attached memorandum.<br>Signed by Judge Vernon D. Oliver on 8/27/2026. (SF) (Entered: 08/27/2026) |
| 08/31/2026 | 59 | UPDATED NOTICE OF E-FILED CALENDAR re: 12 MOTION for Preliminary Injunction, 30 MOTION to Dismiss. THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. *UPDATE TO RESET LOCATION ONLY*. Motion Hearing set for 9/3/2026 at 10:00 AM in **Courtroom Two,** 450 Main St., Hartford, CT before Judge Vernon D. Oliver. (nk) (Entered: 08/31/2026) |
| 08/31/2026 | 60 | NOTICE by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong *re: Correction to Memorandum of Law in Support of Motion to Dismiss (ECF No. 30-1)* (Holzman, Timothy) (Entered: 08/31/2026) |

| | | |
|---|---|---|
| 09/01/2026 | 61 | ORDER re: 60 Notice. Whether the misquote in Defendants' brief is the result of reliance on artificial intelligence or some other mistake, the Court **cautions** Defendants to ensure that future submissions only contain accurate representations. *See Barteca Holdings LLC v. Tacobarn Newtown LLC*, No. 26-CV-250 (VDO), 2026 WL 2253785 (D. Conn. Aug. 4, 2026).<br><br>Further, both parties shall review their filings in this matter and by **8:30 AM on September 3, 2026**, file notices either: (1) correcting these errors; or (2) certifying that their citations are accurate, do not contain misquotes, and do not misrepresent the law.<br><br>Signed by Judge Vernon D. Oliver on 9/1/2026. (SF) (Entered: 09/01/2026) |
| 09/02/2026 | 62 | NOTICE by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong *re: Legal Citations* (Holzman, Timothy) (Entered: 09/02/2026) |
| 09/03/2026 | 63 | NOTICE by USA re 61 Order,, *of Correction and Compliance* (Schulte, Alexandra) (Entered: 09/03/2026) |
| 09/03/2026 | 64 | MOTION for Janelle R. Medeiros to Withdraw as Attorney by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Medeiros, Janelle) (Entered: 09/03/2026) |
| 09/03/2026 | 65 | Minute Entry. Proceedings held before Judge Vernon D. Oliver: Motion Hearing held on 9/3/2026 re 12 MOTION for Preliminary Injunction filed by USA, 30 MOTION to Dismiss filed by Eliot D. Prescott, Patrick Griffin, Ned Lamont, State of Connecticut, William Tong.Taking under advisement 30 Motion to Dismiss; Taking under advisement 12 Motion for Preliminary Injunction; Total Time: 2 hours and 36 minutes(Court Reporter Corinne Thomas) (nk) (Entered: 09/03/2026) |
| 09/03/2026 | 66 | ORDER: In light of the extensive corrections Plaintiff and Defendants made in their notices, *see* ECF Nos. 62 and 63, the Court hereby **admonishes** those parties for submitting inaccurate citations and representations of the law to the Court. All future submissions by either party must be thoroughly cite checked and vetted before filing. Signed by Judge Vernon D. Oliver on 9/3/2026. (SF) (Entered: 09/03/2026) |
| 09/04/2026 | 67 | ORDER granting 64 Motion to Withdraw. Janelle R. Medeiros is withdrawn as counsel for Defendants.<br>Signed by Judge Vernon D. Oliver on 9/4/2026. (SF) (Entered: 09/04/2026) |
| 09/11/2026 | 68 | MOTION for Alessandra Faso to Withdraw as Attorney by USA. (Faso, Alessandra) (Entered: 09/11/2026) |
| 09/14/2026 | 69 | ORDER **granting** 68 Motion to Withdraw. Alessandra Faso is withdrawn as counsel for the United States.<br>Signed by Judge Vernon D. Oliver on 9/14/2026. (SF) (Entered: 09/14/2026) |
| 09/18/2026 | 70 | MOTION for Leave to File Amicus Curiae Brief by Brandon Michael Hayes. (ac) (Entered: 09/18/2026) |
| 09/21/2026 | 71 | ORDER **denying** 70 Motion for Leave to File an *Amicus Curiae* Brief. Brandon Hayes, a *pro se* filer, seeks to submit an amicus brief in this matter in his capacity as the President of the Natural Law Institute. The case caption in his motion lists four distinct, unrelated matters (including this one). Construed liberally, the proposed amicus brief appears to address philosophical questions about separation of powers and the liberty of individual citizens. In form and tone, the brief appears to be AI-generated.<br><br>"[D]istrict courts have broad inherent authority to permit or deny an appearance as amicus curiae in a case." *Kistler v. Stanley Black & Decker, Inc.*, No. 22-CV-966 (SRU), 2023 WL |

| | | |
|---|---|---|
| | | 1827734, at *1 (D. Conn. Jan. 25, 2023) (quoting *Ross v. Mellekas*, No. 20-CV-319 (JBA), 2020 WL 8680019, at *1 (D. Conn. Aug. 5, 2020)). "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *Ross*, 2020 WL 8680019, at *1 (quoting *United States v. El–Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994) "Thus, when those purposes are not served, typically, courts deny motions seeking leave to appear amicus curiae." *Id*. (cleaned up).<br><br>In reviewing the proposed brief and considering the current status of this action, the Court concludes Mr. Hayes's participation as an *amicus curiae* would not offer additional insight or otherwise aid the Court. The contents of his proposed brief have no bearing on the legal analysis in this matter and provide no relevant insight to this case. Accordingly, Mr. Hayes's 70 Motion for Leave to File an *Amicus Curiae* Brief is **denied**. The Court will not consider Mr. Hayes's filing in its decision on the pending motions or the merits of this case.<br><br>Signed by Judge Vernon D. Oliver on 9/21/2026. (SF) (Entered: 09/21/2026) |
| 09/21/2026 | 72 | NOTICE OF APPEAL as to 58 Order on Motion to Intervene by Saifullah Khan. Filing fee $ 605, receipt number ACTDC-8766766. (Taubes, Alexander) (Entered: 09/21/2026) |
| 09/22/2026 | 73 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 72 Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: None (si) (Entered: 09/22/2026) |
| 09/22/2026 | | MAIL SENT: 71 Order on Motion for Leave to File mailed to Brandon Michael Hayes at 159 Indian Hill Street West Newbury, MA 01985 via U.S. postal service. (nk) (Entered: 09/22/2026) |
| 09/23/2026 | 74 | TRANSCRIPT of Proceedings: Type of Hearing: Motion Hearing. Held on 9/3/2026 before Judge Vernon D. Oliver. Court Reporter: Corinne Thomas. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 10/14/2026. Redacted Transcript Deadline set for 10/26/2026. Release of Transcript Restriction set for 12/22/2026. (ct) (Entered: 09/23/2026) |
| 09/30/2026 | 75 | MOTION for Timothy J. Holzman to Withdraw as Attorney by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Lewis, Elizabeth) (Entered: 09/30/2026) |
| 10/01/2026 | 76 | ORDER **granting** 25 Motion to Withdraw. Timothy J. Holzman is withdrawn as counsel to Defendants. Signed by Judge Vernon D. Oliver on 10/1/2026. (JD) (Entered: 10/01/2026) |

| PACER Service Center |
|---|
| **Transaction Receipt** |
| 10/01/2026 16:57:28 |

# ADDENDUM A

## Attachment 3

Memorandum & Order Denying Motion to Intervene

entered August 27, 2026 (ECF No. 58)

(the order appealed from)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, Plaintiff, | | **MEMORANDUM & ORDER** |
| -against- | | |
| STATE OF CONNECTICUT *et al.*, Defendants. | | 26-CV-758 (VDO) |

**VERNON D. OLIVER**, United States District Judge:

Before the Court is proposed Intervenor-Defendant Saifullah Khan's motion to intervene as of right and permissively in the present litigation between the United States and the State of Connecticut (the "Motion"). For the reasons that follow, the Motion is **denied**.

## I. BACKGROUND

The United States brought two Supremacy Clause claims in this matter against the State of Connecticut, the Attorney General, the Chief State's Attorney, and the Deputy Chief State's attorney (collectively, "the State"), alleging that Sections 3, 4, 5, and 6 of Connecticut's recently-enacted law, Senate Bill 397 ("SB 397" or "the Act"),[1] impermissibly regulate the Federal Government and are unconstitutional. These are the only sections of SB 397 challenged in this action, although the United States "reserve[ed] the right to bring additional challenges in the future" to other sections of the Act.[2]

---

[1] SB 397 has been signed into law as Public Act 26-14.

[2] ECF No. 1 at 2 n.1.

On July 23, 2026, Mr. Khan sought to intervene in this case by filing the instant Motion.[3] Specifically, he seeks to defend the constitutionality of Section 1 of SB 397, which is a portion of the Act that creates a private right of action against federal officials for constitutional violations.[4] Mr. Khan is actively litigating a matter pursuant to Section 1 of SB 397 in *Khan v. Uccello*. That matter was removed to the District of Connecticut on August 25, 2026, and is proceeding under Docket No. 26-CV-1365. Before removal, it was proceeding in Connecticut Superior Court under Case No. HHD-CV26-6228240-S. In that action, Mr. Khan sued Immigration and Customs Enforcement ("ICE") Officer Nicholas Uccello, among several unnamed defendants, for damages caused when the officers fired Tasers at him in the Abraham A. Ribicoff Federal Building and Courthouse in Hartford, Connecticut.[5] According to the complaint in that matter, the officers fired the Tasers after Mr. Khan ran away from the officers and towards an immigration judge.[6]

In the instant Motion, Mr. Khan indicated that both parties in this matter opposed the Motion and his proposed intervention.[7] Thus, the Court directed the parties to file their oppositions by July 31, 2026, and permitted Mr. Khan to reply by August 7, 2026.[8] The parties complied with this briefing scheduled, and the Court received the States' opposition on July

[3] *See* ECF No. 42.

[4] *See* ECF No. 42-1.

[5] ECF No. 42-4 at 29–40.

[6] *Id.* at 33.

[7] ECF No. 42-1 at 1.

[8] *See* ECF No. 43.

30, 2026, and the United States' opposition on July 31, 2026.[9] The Court received Mr. Khan's reply on August 7, 2026.[10]

## II. LEGAL STANDARD

Rule 24(a)(2) establishes a four-part test for intervention as of right. Fed. R. Civ. P. 24(a)(2). The proposed intervenor must (1) file a timely motion, (2) claim "an interest relating to the property or transaction that is the subject of the action," and (3) be "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," and (4) the existing parties do not "adequately represent that interest." *Id.* All four parts of the foregoing test must be met for intervention as of right. *See United States v. Yale Univ.*, 337 F.R.D. 35, 37–38 (D. Conn. 2021) (quoting *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co*., 922 F.2d 92, 96 (2d Cir. 1990)).

Rule 24(b) sets forth the standard for permissive intervention. Rule 24(b)(1)(B) governs permissive intervention here: a person may intervene in the court's discretion if he or she "has a claim or defense that shares with the main action a common question of law or fact." In exercising that discretion, the court considers factors including undue delay, the nature and extent of the intervenor's interests, whether those interests are adequately represented by other parties, and whether the party seeking intervention will significantly contribute to the full development of the factual issues in the suit and the just and equitable adjudication of the legal questions presented. *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191–92 (2d Cir. 1978). Thus, the court should consider two competing policies: "efficiently administrating legal disputes by

[9] *See* ECF Nos. 52 (Connecticut's Opposition), 53 (United States' Opposition).

[10] *See* ECF No. 55.

resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand[.]" *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam) (cleaned up).

## III. DISCUSSION

### A. Rule 24(a)(2): Intervention as of Right

The Second Circuit has specified that the second factor of the Rule 24(a)(2)'s four-part test for intervention as of right requires a proposed intervenor to have a "direct, substantial, and legally protectable" interest in the subject matter of the action. *Wash. Elec. Co-op.*, 922 F.2d at 96–97 (2d Cir. 1990). If the particular topics raised by the proposed intervenor are "remote from the subject matter of the proceeding" or "contingent upon the occurrence of a sequence of events," intervention as of right should be denied. *Id.* at 97. This is because intervention "cannot be used as a means to inject collateral issues into an existing action." *Id.*

Mr. Kahn's first stated interest is that the United States' requested relief is broad enough to encompass Section 1, although the challenge is only to Sections 3, 4, 5, and 6.[11] This claim directly contradicts the Complaint, in which the United States seeks very specific relief: "[t]hat this Court enter a judgment declaring that ***Sections 3, 4, 5, and 6*** violate the Supremacy Clause," and that this Court enjoin Defendants from "enforcing ***Section 3, 4, 5, and 6*** of SB 397 against federal agents and officers."[12] As Mr. Khan explains in his filing, "the United States reserves a challenge to Section 1 without bringing it," and that the "United States challenges portions of Sections 3, 4, 5, and 6 only," not Section 1.[13] In this, the Court agrees.

---

[11] ECF No. 42-1 at 16.

[12] ECF No. 1 at 17 (emphasis added).

[13] ECF No. 42-1 at 4, 8.

A challenge to Section 1 is not before this Court, and any such challenge is speculative. The Complaint contains two Supremacy Clause claims—the first is a challenge to Sections 3, 4, and 5 of SB 397, and the second is a challenge to Section 6 of SB 397. Nowhere in the United States' pleadings does it seek to enjoin or invalidate Section 1 of SB 397.[14] And Mr. Khan cannot rightfully assert an interest in this proceeding by creating a challenge to Section 1 that does not exist.

Mr. Khan's second stated interest is that the precedential effect of any decision by the Court in this matter could impact his ongoing lawsuit, *Khan v. Uccello*, because he initiated that action under Section 1. He cites *Oneida Indian Nation of Wisconsin v. New York* for the proposition that in unusual circumstances the Court may allow an individual to intervene to assuage the impact of precedent.[15] 732 F.2d 261 (2d Cir. 1984). In *Onedia*, however, there was a "substantial likelihood" that the claims of the intervenors would be impacted by the final judgment in the action. *Id.* at 265. Here, Mr. Khan cannot demonstrate that there is a substantial likelihood that his claims would be directly impacted by a decision in this matter because this matter does not concern Section 1 of SB 397—the section of the Act under which Mr. Khan brings his case. And any decision by this Court on the validity of the sections challenged in this action would not impact Mr. Khan's ability to proceed with his case under Section 1 of SB 397. Thus, his concern about the precedential impact of this matter on his action is misplaced. To the extent Mr. Khan seeks to defend his right to pursue the claims asserted in

---

[14] *See generally* ECF No. 1.

[15] ECF No. 42-1 at 16.

*Khan v. Uccello* under Section 1 of SB 397, the proper forum to do so is in that action, not this one.

Finally, Mr. Khan's third asserted interest is in the impact of a negotiated disposition on his claims.[16] He references the Court's (Nagala, J.) Order at ECF No. 21, which states that the parties could "agree to a temporary stay in enforcement of the challenged provisions[.]"[17] His concern is that the validity of Section 1 will not be adequately protected in these negotiations.[18] But a party cannot intervene as of right when their interest is so remote that it is "contingent upon the occurrence of a sequence of events before it becomes colorable." *Wash. Elec. Co-op*, 922 F.2d at 97. Here, Mr. Khan's claim that the State would sacrifice Section 1 in a negotiated disposition would require the occurrence of numerous, unlikely events. Mr. Khan cannot assert an interest based on such an attenuated issue.

Thus, Mr. Khan's request to intervene as of right fails on the second factor because he cannot demonstrate a "direct, substantial, and legally protectable" interest in this matter. As all four parts of the test governing intervention as of right must be satisfied to qualify for intervention, Mr. Khan cannot demonstrate that intervention as of right is required. *See Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83, 86 (D. Conn. 2014). Thus, his motion to intervene as of right under Rule 24(a) is **denied**.

[16] *Id.* at 17.

[17] *Id.*

[18] *Id.*

### B. Permissive Intervention

In the alternative, Mr. Khan seeks permissive intervention under Rule 24(b).[19] For permissive intervention, the Court weighs the following concerns: "efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand[.]" *Floyd*, 770 F.3d at 1057 (cleaned up). Mr. Khan's intervention would complicate and delay the litigation. He seeks to protect Section 1 of SB 397—a previously undisputed portion of that Act—which would introduce an entirely new issue and cause this matter to become needlessly complex. Although his claims are broadly related to SB 397, they are extraneous to the issues before the Court. *See United States v. City of New York*, 179 F.R.D. 373, 381 (E.D.N.Y. 1998), *aff'd*, 198 F.3d 360 (2d Cir. 1999). Accordingly, Mr. Khan's motion for permissive intervention under Rule 24(b) is **denied.**

## IV. CONCLUSION

For the foregoing reasons, Mr. Khan has not demonstrated that his intervention is required by Rule 24(a) or warranted under Rule 24(b). Thus, his Motion to Intervene at ECF No. 42 is **DENIED**.

**SO ORDERED.**

Hartford, Connecticut
August 27, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

[19] *Id.* at 26.

**No. 26-2648**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

STATE OF CONNECTICUT; NED LAMONT, Governor of Connecticut; WILLIAM TONG, Attorney General of Connecticut; PATRICK GRIFFIN, Chief State's Attorney of Connecticut; and ELIOT D. PRESCOTT, Deputy Chief State's Attorney, Inspector General, each in his official capacity,
*Defendants-Appellees,*

SAIFULLAH KHAN,
*Proposed Intervenor-Defendant-Appellant.*

---

*On Appeal from the United States District Court for the District of Connecticut (Oliver, J.), No. 3:26-cv-00758-VDO*

---

**ADDENDUM B TO THE CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)
ISSUES PROPOSED TO BE RAISED ON APPEAL AND APPLICABLE STANDARDS OF REVIEW**

Mr. Khan expects to raise the following issues and reserves the right to refine, combine, or narrow them in his brief. Record citations follow the convention stated in Addendum A.

**Standard of review (all issues).** This Court reviews the denial of a motion to intervene, whether as of right or by permission, for abuse of discretion. *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam). "[A] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, . . . or rendered a decision that cannot be located within the range

of permissible decisions." *Id.* at 1062 n.37 (quoting *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008)) (internal quotation marks omitted). Issues 1 through 3 turn on the legal standards that govern Rule 24(a)(2); a ruling that rests on an erroneous view of those standards is an abuse of discretion. *Id.*

**1. Interest.** Did the district court err in holding that Mr. Khan lacks a "direct, substantial, and legally protectable" interest, *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990), "relating to the property or transaction that is the subject of the action," Fed. R. Civ. P. 24(a)(2)? Mr. Khan holds, and is prosecuting, a cause of action under Section 1 of the Act. He contends that the United States' pleaded premise—that States are forbidden "from controlling federal governmental functions in any manner and to any degree," ECF No. 1 ¶ 1 (internal quotation marks omitted)—reaches Section 1 as applied to federal officers, and the complaint "reserves the right to bring additional challenges" to "other parts of the Act," *id.* at 2 n.1. The issue includes whether the district court erred by measuring Mr. Khan's interest against the claims pleaded rather than the property or transaction that is the subject of the action, and by treating as "speculative" a challenge the United States reserved in its own pleading. ECF No. 58 at 4–5.

*Standard of review:* abuse of discretion; a ruling based on an erroneous view of the law is an abuse of discretion. *Floyd*, 770 F.3d at 1062 n.37.

**2. Practical impairment.** In holding that Mr. Khan lacked a qualifying interest, did the district court apply the wrong legal standard by requiring him to show that his claims "would be directly impacted by a decision in this

matter"—which, the court reasoned, could not happen because "this matter does not concern Section 1 of SB 397," ECF No. 58 at 5—and by deeming *Khan v. Uccello* "the proper forum" for his Section 1 interest, *id.* at 6, rather than asking whether disposing of the action "may as a practical matter impair or impede" his ability to protect that interest, Fed. R. Civ. P. 24(a)(2)? The issue includes (a) whether the stare decisis effect of the judgment in this action—and of any appellate decision reviewing it—on questions of first impression under the Act supplies that impairment, *see Oneida Indian Nation of Wis. v. New York*, 732 F.2d 261, 265–66 (2d Cir. 1984); (b) whether the availability of a second forum defeats impairment when the movant would litigate there under the precedent this action produces; and (c) whether the court erred in treating as "attenuated" Mr. Khan's interest in protecting Section 1 from a negotiated disposition between the sovereigns, such as the agreed temporary stay of enforcement of the challenged provisions that the district court contemplated. ECF No. 21; ECF No. 58 at 6.

*Standard of review:* abuse of discretion; application of an incorrect legal standard is an abuse of discretion.

**3. Remaining elements, including adequacy of representation.** Because the district court rested its Rule 24(a)(2) ruling on the interest element alone, should this Court hold that Mr. Khan satisfied the remaining requirements—or, alternatively, remand for the district court to address them in the first instance? No party argued that the motion was untimely: Mr. Khan moved about ten weeks after the complaint was filed, before any

answer or ruling on the pending motions, and accepted the existing schedule. On adequacy, the issue is whether Mr. Khan carried the "minimal" burden of showing that representation of his interest by the existing parties "may be" inadequate, *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972), where the United States seeks to invalidate parts of the Act and has reserved challenges to other parts, while the State—which neither holds nor administers Section 1—maintains that Section 1 is not at issue and has not raised in its briefing the severability defense Mr. Khan tendered. The issue includes whether any presumption of adequate representation may be applied to a private party who seeks to defend a state law alongside the State, a question the Supreme Court reserved in *Berger v. North Carolina State Conference of the NAACP*, 597 U.S. 179 (2022).

*Standard of review:* abuse of discretion.

**4. Permissive intervention.** Did the district court abuse its discretion in denying permissive intervention under Rule 24(b)(1)(B) on the grounds that defending Section 1 "would introduce an entirely new issue" and that Mr. Khan's claims, though "broadly related to SB 397," are "extraneous to the issues before the Court," ECF No. 58 at 7—where his defense shares common questions of law with the main action, and the court did not address the conditions he accepted to prevent delay (Addendum A, Part 1) in weighing "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3)?

*Standard of review:* abuse of discretion. *Floyd*, 770 F.3d at 1057.

**Questions of first impression.** To counsel's knowledge, no court of appeals has decided whether the holder of a pending claim under a state law creating a cause of action against federal officers may intervene to defend that law in a suit by the United States challenging other provisions of it. Issue 3 also presents the question reserved in *Berger*.

Dated: New Haven, Connecticut
October 1, 2026

Respectfully submitted,

/s/ Alexander T. Taubes
Alexander T. Taubes
Law Offices of Alexander T. Taubes, LLC
470 James Street, Suite 007
New Haven, CT 06513
(203) 909-0048
alextt@gmail.com

*Counsel for Proposed Intervenor-Defendant-Appellant Saifullah Khan*